A True Copy

Attest: *Jolly A. Bourget*

Clerk of Courts

STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT

Docket No: CR-06-3072

STATE OF MAINE )
)
v. )
)
FERMIN GONZALEZ )

FINDINGS, CONCLUSIONS,
AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

AUG 02 2007

This matter is before the court for decision, after hearing, on Defendant's Motion to Suppress evidence seized after a search of his hotel room and certain statements made to the police after his arrest.

Based on the evidence presented at hearing, the court finds the facts as follows:

At approximately 8:40 A.M. on the morning of November 3, 2006, the Scarborough police received a call from a caller who was not identified. The caller indicated that (1) a man was holding a gun to a woman's head at the Extended Stay Hotel in Scarborough, (2) the woman's name was Elizabeth Dore, and (3) the couple had a blue Ford pickup truck with Florida license plates. A subsequent call to the hotel, by the police, indicated that Elizabeth Dore was registered in Room 203 at the hotel.

This information was dispatched to officers on patrol, and four officers and a patrol sergeant responded to the Extended Stay Hotel. The responding officers

noted a blue Ford pickup truck with Florida plates in the parking lot. The first arriving officer went to the front desk and confirmed that Elizabeth Dore was registered in Room 203. The officers then obtained a key for Room 203.

At this point, the officers believed they were responding to a domestic dispute or an incident of domestic violence and that a gun was being used to threaten or hold someone against their will. The four officers went to the hallway outside of Room 203 and positioned themselves near the door. They listened outside the door for a couple minutes and heard no noises of significance, until they heard a click that sounded like the door being unlocked.

Shortly after the click sound, the defendant opened the door to the room. As soon as the door was open, at least two of the officers, with their guns drawn, pushed into the room, ordered the defendant to raise his hands, and then removed him from the room and placed him in handcuffs. Elizabeth Dore and a dog were also in the room. After the defendant was placed in handcuffs, the officers holstered their weapons.

The officers asked Elizabeth Dore either where was the gun or was there a gun in the room. Elizabeth Dore responded that there was no gun in the room. The officers then asked Elizabeth Dore for permission to search the room. She hesitantly, or reluctantly, consented to the search.

The officers did not consider this hesitancy or reluctance to consent to a search unusual in the circumstances because, in their experience, victims of domestic violence are often reluctant to cooperate with the investigation of domestic violence incidents.

After Elizabeth Dore had consented to a search of the room for the gun, the officers asked her to put the dog in the bathroom while the room was searched. The room was then searched. Neither a gun nor anything else of interest was found. The officers then had Elizabeth Dore remove the dog from the bathroom, so the bathroom could be searched. While searching the bathroom for the gun, the officers opened a canvas travel bag and found a large quantity of marijuana in shrink-wrapped packages.

While the officers were searching the hotel room, the officers holding the defendant outside the room had released him from the handcuffs because, he had said, the cuffs were hurting him. When the marijuana was found, the defendant was told he was being arrested and was again put in handcuffs. Elizabeth Dore was also handcuffed at this point. The defendant was then read his rights from a Miranda card. After having his rights read to him, the defendant acknowledged that he had heard and understood the rights that were read to him. Following the defendant's acknowledgment that he understood his rights, he was not asked if he wished to speak with the officers.

After reading the defendant his rights and hearing the defendant acknowledge that he understood his rights, including the right to remain silent and the right to counsel, the officers then advised Elizabeth Dore of her rights. This took several minutes.

The officers then returned their attention to the defendant and asked him about the contents of the white bag. He acknowledged that marijuana was in the bag. He then asserted his right to remain silent—"I'm sticking to my rights." The defendant then volunteered that as to his companion, Elizabeth Dore, "she didn't have anything to do with it."

Following his indictment for trafficking in marijuana, Class C, 17-A M.R.S.A § 1103 (1-A)(E), the defendant brought this motion to suppress. He argues that the marijuana seized from his hotel room should be suppressed because it was the product of an illegal, warrantless search, not supported by probable cause or exigent circumstances. He asserts that the statements he made, acknowledging that he was aware that the contents of the canvas bag was marijuana and asserting that Elizabeth Dore had no involvement with the marijuana, should be suppressed because they were the product of a custodial interrogation, and that he had not properly waived his right to remain silent and his right to counsel.

## CONCLUSIONS

1. The officer's response to the hotel was proper. Dispatch had received a call from an unidentified caller that reported an ongoing felony, possibly a crime of domestic violence, with a man pointing a gun at a woman's head. The location of the incident, the name of the victim, and the description of the vehicle the parties might be using had been given. The prompt police response to the reported emergency at the hotel was consistent with proper police work.

2. The officers going to the hall outside of Room 203 and listening for any activity in the room was proper. After arriving at the hotel, the officers had confirmed the information given by the caller that there was an Elizabeth Dore registered at the hotel and that there was, at the hotel, a blue Ford pickup truck with Florida plates. They also learned that Elizabeth Dore was registered in Room 203 and responded to Room 203 appropriately. With proper exercise of caution, the officers then listened at the door to determine what activity might be going on in the room before they attempted to enter.

3. The entry into the room was proper. At the time that the defendant opened the door of the hotel room, the officers continued to believe that there was a domestic violence emergency involving the use of a firearm that was occurring, or had occurred, involving the occupants of the room. The relative silence heard prior to entry did not change this justification. A victim could have been unconscious or

scared into silence. Thus, the officers properly entered the room when the door was opened, took the defendant into custody, and removed him from the room. All this was supported by a reasonable suspicion that the defendant was then, or had recently been, engaging in a felony crime of domestic violence.

4. The search of the room was proper. At the time the officers entered the room, they believed a domestic violence felony had recently been ongoing, and that a firearm was located somewhere in the room. Even after taking the defendant into custody, the officers could have searched both the room and the bathroom for the firearm, to secure the premises for their safety and for the safety of any others who might be or might remain in the room. In the circumstances, the search could have been conducted without a warrant, even without the consent of an occupant of the room, to secure the premises, protect public safety, and prevent continuation of a felony which the officers believed had been ongoing in the room. The marijuana was discovered during the proper search for the firearm. The fact that consent to search was given by an occupant of the room, all-be-it reluctantly, provides further justification for the search. However, in the circumstances, the search for the gun could have been conducted even without consent.

5. The statements by the defendant, shortly after the discovery of the marijuana, are admissible. The defendant was in custody. Prior to any questioning about the marijuana, he had been read his rights and acknowledged that he

understood them. His statement acknowledging that the content of the canvas bag was marijuana is admissible. The State could not offer, as part of its direct case, the defendant's subsequent statement that he was asserting his right to remain silent. However, after making that statement, he then volunteered that Elizabeth Dore had no connection to the marijuana. This volunteered statement could be admitted as part of the State's direct case. The court understands that these statements are the only statements at issue in the defendant's motion to suppress.

Because the Scarborough police reasonably believed that they were responding to an emergency, specifically a domestic violence felony with the use of a firearm against a person, their response to Room 203 and their entry and search of the premises to ensure their safety and the safety of others, was proper and consistent with good police procedure.

Therefore, the court orders:

The Defendant's Motion to Suppress is DENIED.

April 30, 2007

Donald G. Alexander
Justice: Superior Court